IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03312-BNB

DAVID JACKSON,

    Plaintiff,

v.

J. MARK HANNEN, Judge, 18th Judicial District, in his official capacity,
TAMMY L. HERIVEL, Clerk of Arapahoe County, Colo., in her official capacity, and
JOHN W. SUTHERS, Colorado Attorney General, in his official capacity,

    Defendants.

---

ORDER OF DISMISSAL AND TO SHOW CAUSE

---

Plaintiff, David Jackson, initiated this action by filing *pro se* a Complaint. On December 28, 2011, Mr. Jackson filed an Amended Complaint. On January 4, 2012, he filed a Second Amended Complaint. The Court must construe the Second Amended Complaint liberally because Mr. Jackson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Second Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Mr. Jackson is challenging the validity of various orders and the judgments

entered in two state court domestic relations cases. The relevant state court cases are Denver District Court case number 86DR4718 and Arapahoe County District Court case number 01DR2767. Mr. Jackson contends in the Second Amended Complaint that his federal constitutional rights were violated in the state court proceedings. The named Defendants in this action are an Arapahoe County District Court Judge, the Clerk of the Arapahoe County District Court, and the Attorney General of the State of Colorado.

Mr. Jackson previously has filed a number of actions in the District of Colorado raising the same or substantially similar claims challenging various orders entered in his state court cases. *See Jackson v. Jackson*, No. 05-cv-02033-WYD-CBS (D. Colo. May 19, 2006), *aff'd as modified*, 195 F. App'x 745 (10th Cir. 2006), *cert. denied*, 549 U.S. 1223 (2007); *Jackson v. Jackson*, No. 07-cv-01439-ZLW (D. Colo. Aug. 29, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008); *Jackson v. Davidson*, No. 07-cv-01763-ZLW (D. Colo. Aug. 30, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008); *Jackson v. Jackson*, No. 07-cv-01871-ZLW (D. Colo. Sept. 20, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008); *Jackson v. Jackson*, No. 10-cv-00122-ZLW (D. Colo. Feb. 10, 2010), *aff'd*, 392 F. App'x 664 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1048 (2011). Each of these prior cases was dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Because it was not clear whether the state court proceedings had been reopened, the orders dismissing 07-cv-01439-ZLW, 07-cv-01763-ZLW, and 07-cv-01871-ZLW alternatively relied on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Mr. Jackson did not argue on appeal in those cases that his divorce decree was not final and, therefore, the United States Court of Appeals for the Tenth Circuit concluded that 07-cv-01439-ZLW, 07-cv-01763-ZLW, and 07-cv-01871-

ZLW properly were dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Jackson v. Davidson*, 272 F. App'x 722 (10th Cir. 2008). In his most recent action, 10-cv-00122-ZLW, Mr. Jackson was warned that sanctions may be imposed if he persists in filing repetitive complaints. For the reasons stated below, this action also will be dismissed for lack of subject matter jurisdiction and Mr. Jackson will be ordered to show cause why filing restrictions should not be imposed.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the Second Amended Complaint filed in this action and finds that the Court lacks subject matter jurisdiction because Mr. Jackson again is asking the Court to review and reverse orders entered in his Colorado state court cases. As has been explained to Mr. Jackson repeatedly, the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding generally "is barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148 (internal quotation marks omitted). Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, Mr. Jackson is asking the Court to review state court orders and declare those orders unconstitutional. Mr. Jackson alleges in the Second Amended

4

Complaint that a number of state court orders are illegal, unconstitutional, and null and void, including the original 1987 divorce decree in Denver District Court case number 86DR4718.  However, he specifically is challenging in this action a contempt conviction entered on November 4, 2005, as well as an order entered on December 17, 2010, denying his motion for review of the 2005 contempt conviction, both of which were entered in Arapahoe County District Court case number 01DR2767.  Mr. Jackson also argues that he has been denied due process because he has been unsuccessful in his efforts to challenge these orders in the Colorado appellate courts.

The Court finds that Mr. Jackson's claims in the instant action, like his claims in the prior actions listed above, are inextricably intertwined with the state court judgments and, as a result, must be dismissed pursuant to the *Rooker-Feldman* doctrine.  *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986).  Therefore, the action will be dismissed for lack of subject matter jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

The Court also finds that imposition of filing restrictions is appropriate.  "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or

malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

The Court finds that Mr. Jackson's history of filing repetitive actions raising the same or substantially similar claims seeking review of state court orders and judgments discussed above is abusive and demonstrates that imposition of filing restrictions is appropriate. Therefore, the Court will prohibit Mr. Jackson from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the District of Colorado unless he obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Mr. Jackson must take the following steps:

1. File with the clerk of this Court a motion requesting leave to file a *pro se* action.

2. Include in the motion requesting leave to file a *pro se* action the following information:

    A. A list of all lawsuits currently pending or filed previously in the District of Colorado, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and

                B.      A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of Colorado. If so, he must cite the case number and docket number where the legal issues previously have been raised.

      3.      Submit the proposed new pleading to be filed in the *pro se* action.

The motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1C. for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

Finally, as noted above, Mr. Jackson must be given an opportunity to oppose imposition of these filing restrictions before they may be implemented. Therefore, Mr. Jackson will be directed to show cause why the filing restrictions discussed in this order should not be imposed. If Mr. Jackson fails to show good cause within the time allowed, the filing restrictions will be imposed. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for lack of subject matter jurisdiction. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that Plaintiff show cause in writing within twenty-one days from the date of this order why the filing restrictions specified in this order should not be imposed.  It is

FURTHER ORDERED that, if Plaintiff fails to show good cause within the time allowed, the filing restrictions specified in this order will be imposed.

DATED at Denver, Colorado, this  24th  day of     January     , 2012.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court