IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03312-LTB

DAVID JACKSON,

    Plaintiff,

v.

J. MARK HANNEN, Judge, 18th Judicial District, in his official capacity,
TAMMY L. HERIVEL, Clerk of Arapahoe County, Colo., in her official capacity, and
JOHN W. SUTHERS, Colorado Attorney General, in his official capacity,

    Defendants.

## ORDER DENYING MOTIONS

Plaintiff, David Jackson, has filed *pro se* on February 10, 2011, a "Motion for New Trial Pursuant to Fed. R. Civ. P. Rule 59 and Plaintiff's Sworn Response to Show Cause Order" (Doc. #10) in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on January 24, 2012. Mr. Jackson also has filed on February 10 a Notice of Appeal (Doc. #11) and a "Motion to Expedite . . ." (Doc. #12) asking the Court to expedite ruling on the motion to reconsider and processing the Notice of Appeal. The Court must construe the motions liberally because Mr. Jackson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motions will be denied.

The Court first will address the motion for a new trial. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse

judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Jackson's motion for a new trial pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id.*

Mr. Jackson filed this action to challenge the validity of various orders and the judgments entered in two Colorado state court domestic relations cases.  Mr. Jackson contends that his federal constitutional rights were violated during the course of the state court proceedings.  The Court noted that Mr. Jackson previously has filed a number of cases in the District of Colorado raising the same or substantially similar claims challenging various orders entered in his state court cases.  *See Jackson v. Jackson*, No. 05-cv-02033-WYD-CBS (D. Colo. May 19, 2006), *aff'd as modified*, 195 F.

App'x 745 (10th Cir. 2006), *cert. denied*, 549 U.S. 1223 (2007); *Jackson v. Jackson*, No. 07-cv-01439-ZLW (D. Colo. Aug. 29, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008); *Jackson v. Davidson*, No. 07-cv-01763-ZLW (D. Colo. Aug. 30, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008); *Jackson v. Jackson*, No. 07-cv-01871-ZLW (D. Colo. Sept. 20, 2007), *aff'd*, 272 F. App'x 722 (10th Cir. 2008); *Jackson v. Jackson*, No. 10-cv-00122-ZLW (D. Colo. Feb. 10, 2010), *aff'd*, 392 F. App'x 664 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1048 (2011).  The Court also noted that each of Mr. Jackson's prior cases was dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The Court determined that the instant action also was barred by the *Rooker-Feldman* doctrine and dismissed the action for lack of subject matter jurisdiction.  The Court also ordered Mr. Jackson to show cause why filing restrictions should not be imposed based on his history of filing repetitive actions raising the same or substantially similar claims seeking review of state court orders and judgments.

Mr. Jackson contends in the motion to reconsider that his claims are not barred by the *Rooker-Feldman* doctrine, and he cites *Skinner v. Switzer*, 131 S. Ct. 1289 (2011), in support of this argument.  *Skinner* involved a Texas prisoner who sought postconviction DNA testing of untested biological evidence collected by police at the scene of the crime.  *See id.* at 1295.  The prisoner filed two motions in state court requesting DNA testing and both motions were denied.  *See id.*  He then filed an action in federal court challenging the Texas statute that prevented him from obtaining the DNA testing he sought.  *See id.* at 1295-96.  The Supreme Court held that the *Rooker-*

*Feldman* doctrine did not bar the federal action because the prisoner "does not challenge the adverse [state court] decisions themselves; instead, he targets the Texas statute they authoritatively construed." *Id.* at 1298.  The Supreme Court reached this conclusion because the *Rooker-Feldman* doctrine provides that "a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." *Id.*

Relying on *Skinner*, Mr. Jackson contends that the Court has misunderstood the injunctive relief he seeks in this action and that "this Court has jurisdiction to declare the state court judgments and orders null and void based on the authoritative precedent and enjoin the enforcement."  (Doc. #10 at 3; *see also* Doc. #10 at 20.)  He specifically "prays for this Court to declared [sic] the state court orders unconstitutional based on authoritative precedent and then issue an injunction enjoining the enforcement of the state court orders as unconstitutional based on authoritative precedent."  (*See* Doc. #10 at 11.)

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Jackson fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Court remains convinced that Mr. Jackson's claims are barred by the *Rooker-Feldman* doctrine because he is asking the Court to review state court judgments and orders and declare those judgments and orders unconstitutional.  Unlike *Skinner*, Mr. Jackson is not challenging the validity of any state statutes that controlled the outcome of his state court domestic relations cases.  Therefore, the Rule 59(e) motion will be denied.  To the extent Mr. Jackson also may be attempting in the motion for a new trial to show cause why filing restrictions should not

be imposed, the Court will address the matter of filing restrictions in a separate order.

Finally, Mr. Jackson's "Motion to Expedite . . .," in which he asks the Court to expedite ruling on the motion to reconsider and processing the notice of appeal he has filed, will be denied as moot. Accordingly, it is

ORDERED that Plaintiff's "Motion for New Trial . . ." (Doc. #10) filed on February 10, 2012, is DENIED. It is

FURTHER ORDERED that Plaintiff's "Motion to Expedite . . ." (Doc. #12) filed on February 10, 2012, is DENIED as moot.

DATED at Denver, Colorado, this  21st  day of    February    , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court